# SILVER SWAN LIQUOR CORPORATION v. HIRAM WALKER, Inc., et al.
### ·No. 3965.

District Court, N. D. California, S. D.

May 29, 1937.

Jas. M. Naylor, of San Francisco, Cal., for plaintiff.

Miller & Boyken, A. W. Boyken, Carroll A. Gordon, and Richard S. Goldman, all of San Francisco, Cal., for defendants.

St. SURE, District Judge.

Suit was brought by plaintiff against defendants for trade-mark infringement and

unfair competition. An injunction and accounting were sought. At the trial plaintiff disavowed the claim of unfair competition and the case was submitted upon the question of infringement alone.

Plaintiff is a California corporation, and defendants are creatures of the laws of Delaware. Also involved in the controversy are Hiram Walker & Sons, Inc., of Peoria, Ill., called the parent company, and Tonkin Distributing Company, a copartnership of San Francisco. The question presented for decision appertains to the alleged infringement of a common-law trade-mark for gin, in which the words "Silver Swan" or "White Swan" were used in combination with the pictorial representation of a swan.

About the time of the repeal of the National Prohibition Act (27 U.S.C.A. § 1 et seq.), the parties above mentioned apparently coincidentally conceived the idea of marketing gin with the swan label. Plaintiff labeled its product the "Silver Swan," and defendants, through the parent company, used the name "White Swan." Plaintiff established a business in the Western states and territories, viz., California, Nevada, Arizona, New Mexico, Idaho, Washington, Oregon, Colorado, Wyoming, Utah, Alaska, and Hawaii. Plaintiff claims appropriation and use of the "Silver Swan" label from December, 1933.

Tonkin claims to have originated the "White Swan" label. The copartnership had several thousand labels printed, sold some of its gin, and, on December 11, 1933, made application to the United States Patent Office for registration of the "White Swan" trade-mark, stating in its application that it "has been continuously used and applied to said goods in applicant's business since October, 1933."

In June, 1934, defendants marketed their gin under the label "White Swan," and soon thereafter invaded the Western market, when they learned that the Tonkin gin was also being sold under the label "White Swan." Defendants immediately entered into an agreement with Tonkin whereby they secured permission to use exclusively the "White Swan" label, and later they purchased the Tonkin rights. Defendants did business in the Western states during the months of July and August, 1934, selling 3,000 cases of gin, but thereafter abandoned the territory and sold their product exclusively outside of what has been denominated Western territory. Thereafter on July 5,

1935, attorneys for defendants addressed a letter to plaintiff, calling attention to the similarity of the swan labels used by each, asserting prior appropriation, and requesting that plaintiff immediately discontinue the use of its swan label. This suit followed on December 2, 1935.

The evidence shows that more than a year before suit was filed, defendants had abandoned the Western territory; that plaintiff's sales of "Silver Swan" gin have declined and are declining; that no confusion has resulted from the use by the parties of similar labels; that there has been no pirating of business on either side; that plaintiff has suffered no damage whatsoever as a result of the use of the trademark "White Swan" by defendants.

The evidence relating to appropriation and prior use as between plaintiff and defendants (accepting for what it may be worth the assignment of Tonkin) almost balances, with a slight preponderance in favor of the defendants. Under the circumstances, there being neither claim nor proof of fraud, I am of the opinion that the rule laid down in Tillman & Bendel v. California Packing Corp. (C.C.A.9) 63 F.(2d) 498, where a geographical division of territory was made between the litigants, may properly be applied here. The plaintiff has in fact adopted and used as a trade-mark the words "Silver Swan" in combination with the picture of a swan in the Western territory comprising the states and territories above named; likewise the defendants have in fact adopted and used in the remainder of the United States the trade-mark "White Swan" in combination with the picture of a swan.

I therefore hold (1) that the application for an injunction and accounting must be denied; (2) that plaintiff is not entitled to damages; (3) that there has been no infringement of either trade-mark; (4) that plaintiff has established its prior appropriation and use of the "Silver Swan" label in the Western states and territories above named; (5) that defendants have established their right to a prior appropriation and use of their trade-mark in the remainder of the United States; (6) that each party shall pay its own costs.

Findings of fact, conclusions of law, and decree in accordance with the views herein expressed, and in conformity with rule 42 of this court, may be submitted by counsel for defendants.